IN THE DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KOLLAR MERGER & ACQUISITIONS, INC.<br>      Plaintiff(s)<br>v.<br><br>MARKEL ESSEX INSURANCE COMPANY<br>      Defendant(s) | Civil Action No: 09-1616 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Markel Essex Insurance Company ( "Markel Essex"), by and through its attorneys, Nelson Levine de Luca & Horst, LLC, respectfully submits this Answer with Affirmative Defenses to the First Amended Complaint of Plaintiff, Kollar Merger & Acquisitions, Inc. ("Kollar"), and in support thereof avers as follows:

1.    Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied.

2.    Denied as stated. It is admitted only that Markel Essex is an insurance company which is incorporated in the Commonwealth of Virginia and maintains a principal place of business at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.

3.    Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A".

4. Admitted in part, denied in part. It is admitted that policy number 1CG4139 (the "Policy") was issued to Plaintiff, a true and correct copy of which is attached hereto as Exhibit "B". By way of further answer, the coverage provided under the Policy is described in the Policy, which is a writing that speaks for itself. The Commercial Property Coverage Part Declarations for policy 1CG4139 provide as follows with respect to the insured property:

> **BUSINESS DESCRIPTION:** GENERAL CONTRACTOR
> **DESCRIPTION OF THE PREMISES:**
> …
>
> **Location, Construction and Occupancy**
> 610 – 619 W. HIGH ST, POTTSTOWN PA 19464
> FRAME; PC: 06
> GENERAL CONTRACTOR – BUILDERS RISKS

5. Admitted in part; denied in part. Upon information and belief, answering defendant admits that Plaintiff wrote a business check to Vlahos Dunn, which check is attached as Exhibit "B" to its First Amended Complaint. By way of further answer, Plaintiff's business check is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A". After reasonable investigation, Markel Essex is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph five of Plaintiff's First Amended Complaint, and said averments are therefore denied.

6. Admitted in part; denied in part. It is admitted upon information and belief that Plaintiff's check, attached as Exhibit "B" to its First Amended Complaint was cashed. By way of further answer, Plaintiff's check, attached as Exhibit "B" to its First Amended Complaint, is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

7. Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied.

8. Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied. By way of further answer, the property insured under the Policy is described in the Policy, which is a writing that speaks for itself, and Markel Essex denies any characterization by Plaintiff as to its terms.

9. Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied.

10 (a) through (i). Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied.

11. Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth of said averments, and said averments are therefore denied. By way of further answer, Exhibits "C" and "D" attached to Plaintiff's First Amended Complaint are writings, which speak for themselves.

12. Denied. Answering defendant denies the averments contained in Paragraph twelve of Plaintiff's First Amended Complaint to the extent said averments imply that Markel Essex failed or refused to correspond with Plaintiff in connection with its claim. To the contrary, upon notice from Plaintiff on or about March 27, 2008 of the alleged March 8, 2008 loss, Markel Essex immediately undertook an investigation into what appeared to be the August 15, 2007

cancellation of the Policy. During Markel Essex's comprehensive review of all relevant facts surrounding the apparent cancellation of the Policy, it consistently informed Plaintiff (and later Plaintiff's counsel) regarding the status of its review. Plaintiff's counsel likewise conducted his own review regarding a notice of cancellation sent to Plaintiff, and communicated his findings to counsel for Markel Essex. While Markel Essex ultimately concluded that Plaintiff's policy was in place in March of 2008, it advised Plaintiff's counsel that there were additional issues pertaining to coverage for the loss that it wished to investigate further pursuant to the "Duties in the event of Loss or Damage" provisions contained in the Policy. *See* Exhibit "B". For the reasons more fully set forth in Markel Essex's Affirmative Defenses, notwithstanding Markel Essex's absolute right under the Policy to investigate Plaintiff's claim, Plaintiff filed suit against Markel Essex <u>prior to</u> satisfying its "Duties in the Event of Loss or Damage" under the Policy (cited in their entirety in Affirmative Defense 11 below), in direct violation of the Policy's "Legal Action Against Us" provision which provides:

> **D.   LEGAL ACTION AGAINST US**
>
> No one may bring a legal action against us under this Coverage part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred

13. Denied as stated. Markel Essex denies the averments in paragraph thirteen of Plaintiff's First Amended Complaint to the extent they suggest that Plaintiff made requests for assistance and/or adjustment of its claim that Markel Essex ignored. By way of further answer, the letter attached as Exhibit "E" to Plaintiff's First Amended Complaint is a writing that speaks for itself, and Markel Essex denies any characterization by Plaintiff as to its contents.

14. Denied as stated. The letter attached as Exhibit "F" to Plaintiff's First Amended Complaint is a writing that speaks for itself, and Markel Essex denies any characterization by Plaintiff as to its contents.

15. Admitted in part, denied in part. It is admitted only that Plaintiff is currently represented by counsel in this matter. It is specifically denied that Markel Essex ever "refused to adjust this loss" or "commence the process of establishing and resolving this claim." To the contrary, after advising Plaintiff's counsel that it wished to exercise its right under the Policy to investigate certain issues pertaining to coverage for this loss, on October 14, 2008, pursuant to Plaintiff's "Duties in the Event of Loss or Damage" under the Policy, Markel Essex sent a letter to Plaintiff scheduling the Examination Under Oath of Kevin Kollar for November 4, 2008, and requesting that certain supporting claim documentation be produced beforehand. Mr. Kollar requested a continuance of his November 4, 2008 Examination Under Oath and, after numerous follow-up requests by Markel Essex to Plaintiff for the production of the requested supporting claim documentation, Plaintiff provided only a partial document production on March 3, 2009. On April 6, 2009 Plaintiff informed Markel Essex that no additional documents would be forthcoming, after which counsel for Markel Essex rescheduled Mr. Kollar's Examination Under Oath for the first day his attorney was available (May 14, 2009). By way of further answer, since Plaintiff filed suit in the instant matter prior to satisfying its "Duties in the Event of Loss or Damage" under the Policy -- including appearing for an Examination Under Oath or producing all requested supporting claim documents -- the instant lawsuit is premature under the Policy's "Legal Action Against Us" provision (cited in Paragraph 12 above).

16. Denied. Counsel for Markel Essex has remained in frequent contact with Plaintiff's counsel during the course of its investigation, and has not "ignored" a single one of

Plaintiff's counsel's telephone calls or letters. Indeed, counsel for Markel Essex has written numerous letters to Plaintiff's counsel, and has had multiple telephone conferences with both counsel and his staff, in an effort to move Markel Essex's investigation forward, including the rescheduling of Mr. Kollar's Examination Under Oath and obtaining all previously requested supporting claim documents.

17. Denied. The averment that Plaintiff's damages are covered under the terms of the Policy is a conclusion of law to which no responsive pleading is required. After reasonable investigation, Markel Essex is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph seventeen of Plaintiff's First Amended Complaint, and said averments are therefore denied.

18. Denied. Markel Essex denies that its "conduct" in connection with Plaintiff's claim was anything other than diligent and in accord with all provisions of the Policy. By way of further answer, Markel Essex is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph eighteen of Plaintiff's First Amended Complaint, and said averments are therefore denied.

19. Denied. Markel Essex denies that its "conduct" in connection with Plaintiff's claim was anything other than diligent and in accord with all provisions of the Policy. By way of further answer, after reasonable investigation, Markel Essex is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph nineteen of Plaintiff's First Amended Complaint, and said averments are therefore denied.

20. Denied. Markel Essex denies that it has ever refused to adjust Plaintiff's loss. To the contrary, Markel Essex elected to investigate certain coverage issues, which investigation included a request for Mr. Kollar's Examination Under Oath and document production pursuant

to the Policy's "Duties in the Event of Loss or Damage" provision. To date, Plaintiff has not yet fully complied with its "Duties in the Event of Loss or Damage" under the Policy, and until it has done so, the instant lawsuit is premature under the Policy's "Legal Action Against Us" provision. By way of further answer, after reasonable investigation, Markel Essex is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph twenty of Plaintiff's First Amended Complaint, and said averments are therefore denied.

21. Denied. The averments contained in Paragraph twenty-one of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent any response is deemed necessary, it is expressly averred that all acts of Markel Essex were entirely proper pursuant to all applicable provisions of the Policy.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## COUNT I

22. Defendant incorporates paragraphs 1 through 21 by reference as though fully set forth herein at length.

23. Denied. The averments contained in Paragraph twenty-three of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent that any response is deemed necessary, it is expressly denied that Markel Essex has "refused to honor" the terms of the Policy. To the contrary, Markel Essex has elected to exercise its right under the Policy to investigate certain coverage issues related to Plaintiff's claim, and it

is Plaintiff who has, to date, refused to honor the requirements under its Policy that Mr. Kollar appear for an Examination Under Oath and produce all requested supporting claim documents.

24. Denied. The averments contained in Paragraphs twenty-four of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent that any response is deemed necessary, it is expressly denied that Markel Essex has breached any contractual agreement to Plaintiff.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## COUNT II

25. Defendant incorporates paragraphs 1 through 24 by reference as though fully set forth herein at length.

26. Denied. The averments contained in Paragraphs twenty-five of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent that any response is deemed necessary, it is expressly denied that Markel Essex has acted in a reckless and outrageous manner, or with a conscious disregard for Plaintiff. To the contrary, Markel Essex elected to exercise its right under the Policy to investigate certain coverage issues related to Plaintiff's claim, and it is Plaintiff who has, to date, breached its contractual agreement with Markel Essex by refusing to honor the requirements under his Policy that Mr. Kollar appear for an Examination Under Oath and produce all requested supporting claim documentation.

27. Denied. The averments contained in Paragraphs twenty-seven of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required.

28. Denied. The averments contained in Paragraphs twenty-four of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent that any response is deemed necessary, Markel Essex avers that it has a reasonable basis to investigate Plaintiff's claim, and request the production of supporting claim documentation and Mr. Kollar's appearance for an Examination Under Oath pursuant to the applicable provisions of the Policy.

29. Denied. The averments contained in Paragraphs twenty-nine of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## COUNT III

30. Defendant incorporates paragraphs 1 through 29 by reference as though fully set forth herein at length.

31. Denied. The averments contained in Paragraphs thirty-one of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent that any response is deemed necessary, it is expressly denied that Markel Essex has misrepresented or failed to honor coverage in connection with Plaintiff's claim. To the contrary, Markel Essex has elected to investigate certain coverage issues related to Plaintiff's claim, as Plaintiff's Policy clearly and unambiguously allows.

32. Denied. The averments contained in Paragraphs thirty-two of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## COUNT IV

33. Defendant incorporates paragraphs 1 through 32 by reference as though fully set forth herein at length.

34. Denied. The averments contained in Paragraphs thirty-four of Plaintiff's First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent that any response is deemed necessary, it is expressly denied that Markel Essex has ever "lulled" Plaintiff into a false sense of security with respect to any matter relating to insurance coverage under the Policy.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## COUNT V

35. Defendant incorporates paragraphs 1 through 34 by reference as though fully set forth herein at length.

36. Denied. The averments in this paragraph are not directed to answering defendant and thus, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A".

37. Denied. The averments in this paragraph are not directed to answering defendant and thus, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A".

38. Denied. The averments in this paragraph are not directed to answering defendant and thus, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A".

39. Denied. The averments in this paragraph are not directed to answering defendant and thus, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A".

40. Denied. The averments in this paragraph are not directed to answering defendant and thus, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. By way of further answer, Vlahos Dunn was dismissed without prejudice from

this case by stipulation of all parties, a true and correct copy of which is attached hereto as Exhibit "A".

WHEREFORE, Defendant, Markel Essex Insurance Company, respectfully demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

### COUNT VI

41.     Defendant incorporates paragraphs 1 through 40 by reference as though fully set forth herein at length.

42 (a) through (d) [sic]    Denied.  The averments contained in Paragraphs forty-two (a) through (d) [sic] are conclusions of law to which no responsive pleading is required.  To the extent that any response is deemed necessary, it is expressly denied that Markel Essex has acted negligently, carelessly or recklessly in any manner relating to Plaintiff and its insurance claim. Markel Essex further denies that it has ever failed to negotiate, properly adjust or "present properly [its] intentions and obligations with respect to insurance coverage."  To the contrary, Markel Essex elected to exercise its right under the Policy to investigate certain coverage issues related to Plaintiff's claim, and it is Plaintiff who has, to date, breached its contractual agreement with Markel Essex by refusing to honor the requirements under his Policy that Mr. Kollar appear for an Examination Under Oath and produce all requested supporting claim documentation.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

By way of further defense to Plaintiff's First Amended Complaint, answering Defendant, Markel Essex Insurance Company, sets forth the following Affirmative Defenses:

### AFFIRMATIVE DEFENSE NO. 1

Plaintiff's claims are barred in whole or in part by the terms, exclusions, agreements, conditions and limitations contained in policy of insurance 1CG4139, the terms and conditions of which answering defendant incorporates by reference as though fully set forth herein. *See* Exhibit "B".

### AFFIRMATIVE DEFENSE NO. 2

Plaintiff's First Amended Complaint fails to allege facts sufficient to state a cause of action upon which any relief may be granted against Markel Essex.

### AFFIRMATIVE DEFENSE NO. 3

Defendant asserts all defenses available to it under 42 Pa. C.S.A. § 8371.

### AFFIRMATIVE DEFENSE NO. 4

Plaintiff has failed to state a claim for punitive damages under 42 Pa. C.S.A. § 8371 because Defendant's conduct was not outrageous, with evil intent, malicious or otherwise sufficient to establish punitive damages.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiff's claims are excessive.

### AFFIRMATIVE DEFENSE NO. 6

Plaintiff's claim for punitive damages is barred and/or limited by *State Farm Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## AFFIRMATIVE DEFENSE NO. 7

Plaintiff's claim for punitive damages is unconstitutional both under the United States Constitution and pursuant to the Constitution of the Commonwealth of Pennsylvania.

## AFFIRMATIVE DEFENSE NO. 8

Defendant did not act in bad faith because it acted at all times with a reasonable basis and in good faith and at no time recklessly disregarded its insured's rights in connection with the underlying claim.

## AFFIRMATIVE DEFENSE NO. 9

Defendant's conduct during the claims handling process was, at all times, reasonable and appropriate under the terms of the policy of insurance and under the applicable statutes and regulations in the Commonwealth of Pennsylvania.

## AFFIRMATIVE DEFENSE NUMBER 10

Plaintiff sustained no injury or damage because of the acts complained of.

## AFFIRMATIVE DEFENSE NO. 11

Plaintiff has failed to comply with its obligations under the terms and provision of the Policy including, but not limited to, the following "**Duties in the event of Loss or Damage,**" and is therefore, barred from any recovery:

**Duties in the event of Loss or Damage**

a. You must see that the following are done in the event of loss or damage to the Covered Property:

1. Notify the police if a law may have been broken.

2. Give us prompt notice of the loss or damage. Include a description of the property involved.

3. As soon as possible, give us a description of how, when and where the loss or damage occurred.

4. Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

5. At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of loss claimed.

6. As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

   Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

7. Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

8. Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Insurance Policy, Building and Personal Property Coverage Form, policy number 1CG4139, attached as Exhibit "B". Specifically, Plaintiff has yet to produce all of the supporting claim documentation requested by Markel Essex, and has yet to appear for an Examination Under Oath.

## AFFIRMATIVE DEFENSE NO. 12

Plaintiff's claim is not covered by policy of insurance 1CG4139 as the Commercial Property Coverage Part Declarations for policy 1CG4139 states:

> **BUSINESS DESCRIPTION:** GENERAL CONTRACTOR
> **DESCRIPTION OF THE PREMISES:**
> …
> **Location, Construction and Occupancy**
> 610 – 619 W. HIGH ST, POTTSTOWN PA 19464
> FRAME; PC: 06
> GENERAL CONTRACTOR – BUILDERS RISKS

Insurance Policy, Building and Personal Property Coverage Form, policy number 1CG4139, Commercial Property Coverage Part Declarations, attached as Exhibit "B".

## AFFIRMATIVE DEFENSE NO. 13

Plaintiff has failed to comply with all conditions precedent to the instant suit, including but not limited to its "**Duties in the Event of Loss or Damage**" (cited in its entirety in Defendant's Affirmative Defense No. 11. Accordingly, Plaintiff's lawsuit is premature under the Policy's "**Legal Action Against Us**" provision:

> E.   **LEGAL ACTION AGAINST US**
>
> No one may bring a legal action against us under this Coverage part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred

## AFFIRMATIVE DEFENSE NO. 14

Defendant continues to conduct an investigation pursuant to the applicable policy of insurance regarding Plaintiff's claim. At all times Defendant has remained in contact with

Plaintiff regarding the status of its investigation pursuant to the applicable policy of insurance. Plaintiff filed the instant suit prior to Defendant being able to complete its investigation into Plaintiff's claim as the Policy allows.

### AFFIRMATIVE DEFENSE NO. 15

The doctrines of waiver, laches and/or estoppel may serve to bar Plaintiff's claim.

### AFFIRMATIVE DEFENSE NO. 16

Plaintiff's claims may be barred by the applicable statutes of limitations and/or suit limitations clause contained in the relevant policy of insurance.

### AFFIRMATIVE DEFENSE NO. 17

Plaintiff may have failed to join necessary and/or indispensable parties.

### AFFIRMATIVE DEFENSE NO. 18

Any expectation that Markel Essex would provide coverage for Plaintiff's claim is not reasonable or justified.

### AFFIRMATIVE DEFENSE NO. 19

At all times relevant, Markel Essex's conduct and actions were reasonable, justified, and in accord with Pennsylvania Statutes and Regulations.

### AFFIRMATIVE DEFENSE NO. 20

Plaintiff's claims are barred based on Plaintiff's failure to mitigate damages.

### AFFIRMATIVE DEFENSE NO. 21

Defendant reserves the right to assert other affirmative defenses that may become applicable through its investigation, which is ongoing.

WHEREFORE, Defendant, Markel Essex Insurance Company, demands judgment in its favor and against Plaintiff, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

                                                **NELSON LEVINE de LUCA & HORST, LLC**

                                        **BY:** _____
                                               CYNTHIA L. BERNSTIEL, ESQUIRE
                                               ATTORNEY FOR DEFENDANT,
                                               MARKEL ESSEX INSURANCE CO.

Dated: <u>April 23, 2009</u>

IN THE DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| KOLLAR MERGER & ACQUISITIONS, INC.<br>   Plaintiff(s)<br>v.<br><br>MARKEL ESSEX INSURANCE COMPANY<br>   Defendant(s) |
|---|

Civil Action No: 09-1616

## CERTIFICATE OF SERVICE

I, Cynthia L. Bernstiel, Esquire, hereby certify that a true and correct copy of the Answer with Affirmative Defenses was served on April 23, 2009, upon counsel listed below by United States Mail, postage prepaid.

David B. Sherman, Esquire
Solomon, Sherman & Gabay
8 Penn Center
1628 JFK Blvd, Suite 2200
Philadelphia, PA 19103

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
CYNTHIA L. BERNSTIEL, ESQUIRE
ATTORNEY FOR DEFENDANT,
MARKEL ESSEX INSURANCE CO.

Date: April 23, 2009